**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NARVEER RAVISH, Petitioner, | ) | |
| v. | ) | Case No. CIV-26-00230-JD |
| CHRIS GANTT, et al., Respondents. | ) | |

**ORDER**

Before the Court is Respondents' Response ("Show Cause Response") [Doc. No. 15] filed in response to the Court's Order to Respondents to Show Cause. [Doc. No. 14]. Petitioner Narveer Ravish's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 had been fully briefed and under advisement, *see* [Doc. Nos. 1, 4, 9, 12], when the Tenth Circuit issued its decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Noting that this lower district court is bound to follow Tenth Circuit authority absent Supreme Court precedent, the Court ordered Respondents to show cause why *Santillan Quiroz* does not control Petitioner's Petition. [Doc. No. 14].[1]

[1] Petitioner filed this habeas action pro se. *See* [Doc. Nos. 1, 12]. Shortly after Respondents filed their Response to the Court's Show Cause Order, Petitioner's counsel entered an appearance and filed a document styled as "Petitioner's Response to Doc. 14 (OSC)." [Doc. Nos. 16, 18]. However, the Court's Order to Respondents to Show Cause ordered "Respondents to show cause." [Doc. No. 14 at 2]. The Court did not order a response from Petitioner, nor did it grant Petitioner leave to file additional briefing on this fully briefed matter because Petitioner never sought leave. As Petitioner has not moved for leave, the Court strikes Petitioner's filing as improper. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court.").

Although Respondents reserve their appellate rights over the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* governs this Court's decision in this habeas action. [Doc. No. 15 at 1–2 & n.3].

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate."). Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. The Court STRIKES Petitioner's filing styled as a "Response to Doc. 14 (OSC)." [Doc. No. 18]. The Court also DENIES AS MOOT Petitioner's Motion to Expedite. [Doc. No. 13]. A separate judgment will follow.

IT IS SO ORDERED this 10th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE