**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NARVEER RAVISH,<br><br>Petitioner,<br><br>v.<br><br>CHRIS GANTT, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-00230-JD |

**ORDER**

Petitioner Narveer Ravish ("Petitioner"),[1] through counsel, brings an Emergency Motion to Enforce the Court's August 10, 2026 Judgment ("Motion") [Doc. No. 22], requesting his immediate release from custody. Respondents filed a Response in Opposition ("Response") [Doc. No. 26]. After the parties were unable to reach an agreement on a new bond hearing, *see* [Doc. No. 30], Petitioner filed a Reply in Support of his Motion ("Reply") [Doc. No. 31]. The record shows that Respondents provided the bond hearing required by the Judgment. [Doc. No. 21]. Consequently, as set forth more fully below, the Court DENIES the Motion. [Doc. No. 22].

## I. BACKGROUND

Petitioner filed this action on February 9, 2026, alleging that his no-bond immigration detention was illegal. [Doc. No. 1 at 6–7].[2] Specifically, Petitioner alleged

[1] In the context of the immigration proceedings examined, Mr. Ravish is referred to as "Respondent." In these proceedings, the Court refers to Mr. Ravish as "Petitioner."

[2] Citations to the parties' filings use CM/ECF designations from the top of district court filings for both page numbers and exhibit numbers.

he had been detained without a bond hearing and without any custody reviews. [*Id.* at 6]. Petitioner sought immediate release or in the alternative an order for a bond hearing. [*Id.* at 7].

After the Tenth Circuit issued its decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Court ordered Respondents to show cause why the Petition should not be granted on the basis of *Santillan Quiroz*. [Doc. No. 14 at 2]. The Court then granted the Petition in part and ordered Respondents to "provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period." [Doc. No. 20 at 2]. The Court entered the Judgment memorializing the Order on August 10, 2026. [Doc. No. 21].

The immigration court issued a written notice on August 12, 2026, setting a custody redetermination hearing for August 17, 2026, at 7:30 a.m. [Doc. No. 26-4]. The certificate of service shows that the notice was mailed to Petitioner "c/o Custodial Officer" and the Department of Homeland Security ("DHS"), and the box for service on an attorney was blank. [*Id.*]. The hearing took place on August 17, 2026. [Doc. No. 26-2]. This was within the time required by the Court's Order and Judgment. *See* [Doc. Nos. 20, 21]. Petitioner appeared without counsel, testified under oath through an interpreter, answered the Immigration Judge's ("IJ") questions, identified a possible sponsor, and received a decision denying bond. [Doc. No. 26 at 2–3; Doc. Nos. 26-1 and 26-2].

## II. DISCUSSION

The Motion seeks enforcement of the Court's Judgment, so the question is whether the August 17, 2026, proceeding was the bond hearing required by the Judgment. Petitioner's counsel provides many details surrounding his difficulties attempting to quickly enter an appearance via the Executive Office for Immigration Review's ("EOIR") online systems, but ultimately the enforcement of the Judgment pertains to Respondents' actions.

At the proceeding, Petitioner appeared, an interpreter was sworn, Petitioner testified under oath, DHS stated its position, and the IJ asked Petitioner about flight risk and a possible sponsor before ruling on bond. [Doc. No. 26 at 2–3]. That Petitioner's counsel did not receive notice and could not represent Petitioner at the hearing does not *per se* mean that the Judgment was not met.

Petitioner's claim that he received no notice also does not automatically mean that Respondents failed to meet the Judgment. The written notice was mailed to Petitioner through his custodial officer. [Doc. No. 26-4]. Although Petitioner questions this method of notice, *see* [Doc. No. 31 at 4], he offers no alternative method for notice to a detained Petitioner proceeding pro se in the immigration court.[3] And Petitioner's only evidence on lack of actual notice is counsel's declaration, asserting through hearsay that Petitioner did not receive notice. [Doc. No. 22-1 ¶ 7].

---

[3] The Court is not aware of another method through which any court traditionally serves papers on a detained individual.

But at the hearing, Petitioner said that ICE had told him he had "a date on Monday," indicating that Petitioner was given some form of actual notice. [Doc. No. 26-1 at 10:30–10:45; Doc. No. 26 at 3–4]. Although Petitioner also contends that the hearing occurred at a different time than originally scheduled, he does not explain why some minor same-day case shuffling—a common necessity in high-volume courts—carries notice-related prejudice or shows substantive non-compliance with the Court's Judgment. [Doc. No. 31 at 4].

Counsel did not receive notice because he had not entered an appearance in the EOIR bond matter. His appearance in this Court did not make him counsel of record before EOIR. Respondents and EOIR were not required to search this Court's docket and assume that Petitioner's federal habeas counsel also intended to appear in the separate EOIR matter. Even if they did assume counsel's intent to appear, they were not required to provide notice to an attorney who had not entered an appearance in the matter.

Moreover, counsel had notice of the Court's Order and Judgment of August 10, 2026. [Doc. Nos. 20, 21]. While the Court acknowledges and appreciates counsel's pro bono posture, his service to the courts and litigants, and his busy litigation schedule, *see* [Doc. No. 22-1 ¶ 15; Doc. No. 31 at 7], those logistical difficulties cannot change the fact that counsel had at least constructive notice that Respondents were highly likely to schedule a bond hearing at some point within the seven-day deadline set by the Court's Order and Judgment.

Counsel's declaration also repeats a third party's report that Petitioner asked for more time and the IJ refused. [Doc. No. 22-1 ¶¶ 18–19]. But the record shows otherwise.

Petitioner first mentioned an attorney *after* bond had been denied, and he did not ask for more time before the ruling. [Doc. No. 26-1 at 9:30–10:40; Doc. No. 26 at 5, 7]. Once Petitioner did mention counsel, the IJ told him that counsel could request another bond hearing. *See* [Doc. No. 26-1 at 10:40–11:10, 11:30–11:40, 12:15–12:35]. Thus, the Court has no indication that the IJ or DHS counsel knew that Petitioner's counsel existed at the start of the hearing, meaning the Court need not reach the question of whether the cited Ninth Circuit rule from *Hernandez-Gil v. Gonzales* should apply in this case. 476 F.3d 803, 805–06 (9th Cir. 2007); *see also* [Doc. No. 22 at 9–10].

In sum, based on the record here, Respondents complied with the Court's Judgment, and the Court does not view release as appropriate. Although Respondents state they are willing to provide another bond hearing, *see* [Doc. No. 26 at 8], Petitioner does not request a new bond hearing, *see* [Doc. No. 22 at 11–12; Doc. No. 31 at 7–8].[4] As such, no form of relief appears appropriate.[5]

---

[4] *See also* [Doc. Nos. 28, 30].

[5] This does not preclude Petitioner from moving the immigration court for a renewed bond hearing or from appealing the IJ's bond decision, which the IJ described to Petitioner. *See* [Doc. No. 26-1 at 9:55–10:05, 10:40–12:45].

## III. CONCLUSION

For these reasons, the Court DENIES the Motion. [Doc. No. 22].

IT IS SO ORDERED this 15th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE